UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WALTER McLEMORE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DENNIS DILLON AUTOMOTIVE GROUP, INC.; DONALD J. FARLEY,<br><br>　　　　　　Defendants. | Case No. 1:12-cv-00569-MHW<br><br>**INITIAL REVIEW ORDER** |

　　　　Plaintiff Walter McLemore's Complaint (Dkt. 2) was conditionally filed on November 15, 2012, due to his request for *in forma pauperis* status (Dkt. 1). Plaintiff, the only party appearing in this action, has consented to proceed before a United States Magistrate Judge (Dkt. 6). *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73; *See United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998) (holding that in an in rem civil forfeiture action wherein the plaintiff consented, the magistrate judge had jurisdiction to enter a final judgment over a defaulted person who was technically not a "party" to the litigation); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (reasoning

**INITIAL REVIEW ORDER - 1**

that unserved defendants are not parties).  Therefore, the Court now reviews the Complaint to determine whether summary dismissal is appropriate.  Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing the Complaint with leave to file an amended Complaint.

## REVIEW OF PLAINTIFF'S IN FORMA PAUPERIS APPLICATION

Pursuant to federal statute, "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for *in forma pauperis* status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that he is unable to pay the fee required.  *Id*.  An affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependents "with necessities of life."  *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948).  The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty."  *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted).

Plaintiff's affidavit, included as part of his Motion to Proceed *In Forma Pauperis*, states that he is "unable to pay the costs of said proceeding or give security therefor" and he believes he is entitled to relief. (Dkt. 1).  Plaintiff's affidavit states that his only income is unemployment benefits of $1,268 per month; that he has four children ages 17, 15, 6, and 4; that he has monthly expenses of $2,379; that he had approximately $200 in

cash and checking accounts; and that he has no other asset other than a 2001 GMC Yukon on which he makes payments of $303 per month.

In light of the above, it appears that Plaintiff is unable to pay the filing fee or any part thereof. Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* Status (Dkt. 1) is granted.

## INITIAL REVIEW

Once a complaint has been conditionally filed pursuant to 28 U.S.C. § 1915, the Court must conduct an initial review of the Complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or any portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Because Plaintiff is proceeding pro se, the Complaint must be liberally construed, and he must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the Complaint can be saved by amendment, then Plaintiff should be notified of the deficiencies and provided an opportunity to amend. *See Jackson v. Gray*, 353 F.3d 750, 758 (9th Cir. 2003). However, as noted by the Supreme Court in *Ashcroft v. Iqbal*, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).[1] The pleading standard in Fed. R. Civ. P. 8 requires more than "'naked

---

[1] Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which

**INITIAL REVIEW ORDER - 3**

assertion[s]' devoid of 'further factual enhancements.'" *Id*. (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 557 (2007)).

**1.     Background**

Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983. Although the caption of the Complaint lists Dennis Dillon Automotive Group, Inc. ("Dennis Dillon") and Donald J. Farley ("Farley") as Defendants, the body of the Complaint alleges that "I am suing Donald J. Farley as Registered agent for Dennis Dillon Automotive Group." *Compl*. at ¶ C.1. He alleges that on October 11, 2011, "Defendant" violated his civil rights "thru (sic) racial discrimination resulting in termination of [his] employment." *Id*. at ¶ C.2. Plaintiff further alleges that he was terminated after speaking with his "employer" about "this pending litigation" on April 16, 2012 in violation of 42 U.S.C. § 1983. *Id*. He seeks damages of $780,000 for loss of income, slander in his field of work, mental anguish, depression, and loss of enjoyment of life. *Id*. at ¶¶ C.4 and C.5. Finally, Plaintiff alleges that he is suing "Defendant" in his official capacity and that he exhausted his administrative remedies by receiving a right-to-sue letter from the EEOC. *Id*. at ¶ C.6.

**2.     Discussion**

A complaint must be consistent with Fed. R. Civ. P. 8(a) which provides that a pleading that states a claim for relief must contain:

---

apply in all civil actions.

**INITIAL REVIEW ORDER - 4**

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Here, liberally construing Plaintiff's pro se Complaint, the Court finds that Plaintiff has attempted to set forth a cause of action for racial discrimination in the employment context. However, the Complaint suffers from several deficiencies and fails to state a cause of action in its present form.

First, it is unclear whether Plaintiff is seeking relief against both Dennis Dillon and Farley. The Court assumes that Dennis Dillon was Plaintiff's employer and that Farley is simply the Registered Agent for accepting service of the Complaint on behalf of Dennis Dillon. However, the wording of the Complaint raises an inference that possibly Farley had some personal involvement in the decision to terminate Plaintiff's employment. If Farley is simply Dennis Dillon's Registered Agent, he should not be named as a Defendant.

Second, Plaintiff alleges that the Court has jurisdiction under 42 U.S.C. § 1983, the Civil Rights Act. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege four elements: "(1) a violation of rights protected by the Constitution, or created by federal statute (2) proximately caused (3) by conduct of a 'person' (4) *acting under color of state law*." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (emphasis added).

**INITIAL REVIEW ORDER - 5**

Section 1983 is "'not itself a source of substantive rights' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). By its terms, § 1983 only applies to state actors. Neither Dennis Dillon nor Farley is a state actor. Rather, Dennis Dillon is a private company and Farley is a private individual. Therefore, the Court lacks jurisdiction under § 1983.

Third, Plaintiff does not identify the factual basis of his conclusory claim of racial discrimination. In other words, he does not identify his race or describe the circumstances surrounding the termination that would support a claim of racial discrimination. Furthermore, the Complaint appears to allege two dates of termination – October 11, 2011 and April 16, 2012. *Compl.* at ¶ C.2. As stated above, *Iqbal* and *Twombly* require more than "'naked assertion[s]' devoid of 'further factual enhancements'" to comply with Rule 8(a). *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

A complaint should be dismissed under Rule 8(a) if the factual allegations are not "plausible," but merely "conceivable." *Iqbal*, 129 S.Ct. at 1951. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant acted in a manner that would render him liable for the misconduct alleged. *Twombly*, 550 U.S. at 556.

3.     **Leave to Amend**

Because the Plaintiff alleges that he has received a right-to-sue letter from the

**INITIAL REVIEW ORDER - 6**

EEOC, the Court surmises that the Complaint can be saved by amendment by alleging a cause of action under Title VII of the Civil Rights Act of 1964 against his presumed employer, Dennis Dillon. *See* 42 U.S.C. §§ 2000e-2000e-17. Farley, as Registered Agent, need not be named as a defendant unless he was somehow personally involved in Plaintiff's termination. However, if Plaintiff adequately amends his Complaint and the Court allows him to proceed, service of the Amended Complaint will be made on Dennis Dillon through Farley or whomever is its Registered Agent at the time.

As relevant here, Title VII prohibits employers from failing or refusing to hire or discharging "any individual . . . because of such individual's . . . race . . . ." *Id*. § 2000e-2(a)(1). For purposes of Title VII, an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . ." 42 U.S.C. § 2000e(b). A "person" includes corporations. 42 U.S.C. § 2000e(a).

"To establish a prima facie case of discrimination, a Title VII plaintiff must offer evidence that 'give[s] rise to an inference of unlawful discrimination.'" *See Palmer v. Pioneer Inn Associates, Ltd.*, 338 F.3d 981, 984 (9th Cir. 2003) (addressing discrimination on the basis of sex) (citation omitted). A plaintiff may utilize the *McDonnell Douglas Corp v. Green* framework or direct evidence of discriminatory intent in establishing a prima facie case. *Id*.

Under *McDonnell Douglas*, unlawful discrimination is presumed if the plaintiff demonstrates that "(1) [he] belongs to a protected class, (2) [he] was performing according to [his] employer's legitimate expectations, (3) [he] suffered an adverse

**INITIAL REVIEW ORDER - 7**

employment action, and (4) other employees with qualifications similar to [his] own were treated more favorably." *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Specifically with regard to the employment discrimination context in a pre-*Iqbal/Twombly* case, the Supreme Court found that a complaint that detailed events leading to termination, provided relevant dates, and identified individuals involved in the alleged discriminatory activity was sufficient to state a claim under Title VII. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002) (reversing court of appeals affirmance of district court's dismissal for failure to plead facts establishing a prima facie case of discrimination).

Noting the slightly more lenient standard applied in *Swierkiewicz* than enunciated in *Twombly* and *Iqbal*, the Ninth Circuit nevertheless has found two common principles regarding Rule 8(a):

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (finding plaintiff's "detailed factual allegations" satisfied the *Twombly* standard and reversing dismissal of complaint).

Plaintiff's allegations here do not allow the Court to draw the necessary

**INITIAL REVIEW ORDER - 8**

"reasonable inference" required by *Twombly* that racial discrimination occurred. However, if Plaintiff files an Amended Complaint seeking relief under Title VII naming the proper party and setting forth the facts (including his race, the race names of individuals involved in his termination, and any relevant dates) giving rise to the claim that his termination was racially motivated, the Court will then be able to determine whether he has sufficiently stated a cause of action to allow the case to proceed.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed *in Forma Pauperis* (Dkt. 1) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 2) is **DISMISSED WITH LEAVE TO AMEND** to cure the deficiencies referred to above.

3. If Plaintiff wishes to proceed with this action, he shall have thirty (30) days from the date of this Order within which to file an Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal. If Plaintiff does neither, his case may be dismissed without further notice.

DATED: January 8, 2013

Honorable Mikel H. Williams
United States Magistrate Judge