UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WALTER McLEMORE,<br><br>    Plaintiff,<br><br>  v.<br><br>DENNIS DILLON AUTOMOTIVE GROUP, INC.,<br><br>    Defendant. | Case No. 1:12-cv-00569-MHW<br><br>**INITIAL REVIEW ORDER RE AMENDED COMPLAINT** |

  Plaintiff Walter McLemore's Complaint (Dkt. 2) was conditionally filed on November 15, 2012, due to his request for *in forma pauperis* status. The Court subsequently entered an Order (Dkt. 6) granting the Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 1) and dismissing the Complaint with leave to amend to cure deficiencies noted in the Order. The Court now initially reviews Plaintiff's Amended Complaint (Dkt. 7), and enters the following Order dismissing the Amended Complaint in its entirety but granting leave to amend in part.

### INITIAL REVIEW OF AMENDED COMPLAINT

  The Court previously found that the Complaint was deficient in a number of respects. First, it was unclear why the registered agent was a named party. Second, the

**INITIAL REVIEW ORDER RE AMENDED COMPLAINT - 1**

Court lacked jurisdiction under 42 U.S.C. § 1983 given that neither Dennis Dillon Automotive Group, Inc. nor its registered agent was a state actor. Third, Plaintiff did not provide factual support for his conclusory claim of racial discrimination and provided two different dates of termination. The Court determined that Plaintiff likely was attempting to assert a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, given that he alleged that he had received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). However, the Court found the Complaint deficient in alleging a Title VII action in that it did not identify his race, the names of individuals involved in his termination, relevant dates, and other facts from which the Court could draw the reasonable inference that racial discrimination occurred. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-77 (2007) (finding that under Fed. R. Civ. P. 8(a) a plaintiff must plead sufficient facts that allow the court to reasonably infer that the defendant would be liable for the alleged misconduct).

1.  **Background**

    Plaintiff's Amended Complaint is brought expressly pursuant to Title VII of the Civil Rights Act of 1964. *Am. Comp.* at 1. It names as Defendants Dennis Dillon Automotive Group, Inc.; Brad Dillon; Gary Luper; and Tim Byers. Plaintiff alleges that Dennis Dillon Automotive Group, Inc. ("Dennis Dillon") was his employer, that Brad Dillon was an officer and owner of Dennis Dillon, that Gary Luper was an employee of Dennis Dillon, and that Tim Byers was a management employee of Dennis Dillon. *Am. Comp.* ¶ 4. Plaintiff, who presumably is African-American, cites two instances of alleged

**INITIAL REVIEW ORDER RE AMENDED COMPLAINT - 2**

racial discrimination by the individual Defendants whom he alleges are Caucasian. *Am. Comp.* ¶¶ 5, 6.

On October 11, 2011, Gary Luper allegedly made racial comments, slurs, and verbal threats against Plaintiff in front of customers and other employees which he described in the Amended Complaint. *Am. Comp*. ¶ 5. As a result of the racial attack by Gary Luper, Plaintiff was discharged from his job by Brad Dillon. *Am. Comp*. ¶ 6.

Apparently, Plaintiff subsequently became employed by Tom Scott (presumably Tom Scott Motors which is known to the Court to have a place of business in Nampa, Idaho). He was discharged from his job at Tom Scott on April 16, 2012, allegedly because of accusations and statements communicated to Tom Scott personnel by Tim Byers regarding the incident leading to Plaintiff's termination from Dennis Dillon. *Am. Comp.* ¶¶ 10, 11.

Plaintiff alleges that he suffered loss of income, fringe benefits, and other valuable job rights due to his termination from Dennis Dillon, and harm to his personal and business reputation due to his termination from Tom Scott. *Am. Comp.* ¶¶ 8, 12. In addition, he alleges he has suffered emotional distress, depression, mental anxiety, loss of enjoyment of life, and humiliation as a result of Defendants' actions. *Id*. He concludes that Dennis Dillon and Brad Dillon ratified and condoned Tim Byers' false accusations and defamation. *Am. Comp*. ¶ 13. He seeks a total of $780,000 in damages.

As he did in his original Complaint, Plaintiff alleges that he has exhausted his administrative remedies by receiving a right-to-sue letter from the Equal

**INITIAL REVIEW ORDER RE AMENDED COMPLAINT - 3**

Employment Opportunity Commission.

## 2. Legal Standards

As stated in the Court's Initial Review Order, as relevant here, Title VII prohibits employers from failing or refusing to hire or discharging "any individual . . . because of such individual's . . . race . . . ." 42 U.S.C. § 2000e-2(a)(1). "To establish a prima facie case of discrimination, a Title VII plaintiff must offer evidence that 'give[s] rise to an inference of unlawful discrimination.'" *Palmer v. Pioneer Inn Associates, Ltd.*, 338 F.3d 981, 984 (9th Cir. 2003) (addressing discrimination on the basis of sex) (citation omitted). A plaintiff may utilize the *McDonnell Douglas* framework or direct evidence of discriminatory intent in establishing a prima facie case. *Id.* (citing *Vasquez v. County of L.A.*, 307 F.3d 884, 889 (9th Cir. 2002)).

Under the *McDonnell Douglas* framework, unlawful discrimination against any member of a Title VII protected class is presumed, and the plaintiff has established a prima facie case, if he demonstrates that (1) he belongs to a protected class, (2) he was performing his job satisfactorily, (3) he suffered an adverse employment action, and (4) his employer treated him differently from other employees with qualifications similar to his who did not belong to the same protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (applying *McDonnell Douglas* in race discrimination context). *See also Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (applying the *McDonnell Douglas* framework in religious discrimination context).

Despite the failure to plead a prima facie case, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citation omitted).

**3.    Discussion**

The Complaint contains three Counts.  However, Count III essentially appears to be a claim for damages for conduct alleged in Counts I and II and does not appear to state a separate cause of action.  Accordingly, the Court will address only Counts I and II.

**A.    Count I –  October 11, 2011 Incident – Title VII Claims**

*(1)    **Individual Defendants***

Plaintiff identifies Defendant Brad Dillon as an officer and owner of Dennis Dillon.  He identifies both Defendant Gary Luper and Defendant Tim Byers as employees of Dennis Dillon and further identifies Tim Byers as a "management" employee.

The Ninth Circuit has held on numerous occasions that Title VII provides a cause of action against employers but *not* against supervisors or fellow employees.  *See Craig v. M&O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) (affirming grant of summary judgment in favor of employee defendants including supervisor); *Holly D. v. California Institute of Technology*, 339 F.3d 1158, 1179 (9th Cir. 2003) (noting the Ninth Circuit's "consistent" holdings on the issue); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998) (noting that "civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even

**INITIAL REVIEW ORDER RE AMENDED COMPLAINT - 5**

if that agent is a supervisory employee."); *Miller v. Maxwell's Intern, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (noting that the Title VII statutory scheme "indicates that Congress did not intend to impose individual liability on employees.")

While the identification and race of individuals involved in the alleged discrimination together with relevant dates and details of events are among the type of facts required for the Court to determine whether Plaintiff has stated a cause of action under Title VII, the individuals need not and should not be named as parties. Ninth Circuit case law leaves no doubt that employees and supervisors cannot be individually liable under Title VII. Accordingly, the causes of action against Defendants Dillon, Luper, and Byers are dismissed with prejudice without leave to amend for failure to state a cause of action.

### *(2)* **Dennis Dillon**

Dennis Dillon, as Plaintiff's employer, is subject to liability under Title VII for the actions of Dillon, Luper, and Byers if Plaintiff can establish that their conduct was racially discriminatory.

In Count I, Plaintiff alleges that on October 11, 2011, he "was subjected to racial comments, slurs, and verbal threats by Gary Luper (Caucasion (sic)), in front of customers and other employees. The racial comments and threats made by defendant, Gary Luper, included the following: 1) You want to go, you fucking nigger, let's go. After saying that, defendant, Gary Luper began walking to the back door of the shop. 2) Nigger, let's take this outside, and 3) You don't know who you're fucking with." *Am.*

**INITIAL REVIEW ORDER RE AMENDED COMPLAINT - 6**

*Comp.* ¶ 5.  He continues that "[a]s a result of this racial attack by Gary Luper, Plaintiff was discharged from his job by Brad Dillon (Caucasion(sic))." *Am. Comp.* ¶ 6.

However abhorrent and reprehensible Gary Luper's alleged statements may be, in and of themselves, they are not indicative of a racially motivated discharge. Although Plaintiff may belong to a protected class and suffered an adverse employment action in the form of discharge, he has not alleged facts indicating that he meets the other two elements of a prima facie case of unlawful discrimination.

Under the *McDonnell Douglas* factors cited above, in order to establish a prima facie case of unlawful discrimination, Plaintiff must also show that he was performing his job satisfactorily and that Caucasian employees with qualifications and performance similar to his were not discharged in similar circumstances.  Not only does Plaintiff fail to allege these facts, he does not describe what his position was, what his duties were, or the circumstances leading to Gary Luper's outburst.  Rather, his Amended Complaint almost appears to allege that he was discharged for Luper's conduct.  *See Am. Comp.* ¶ 6 ("As a result of this racial attack by Gary Luper, Plaintiff was discharged from his job by Brad Dillon (Caucasion (sic)").

The Court surmises that Luper's outburst was caused by some words, action, or inaction on the part of Plaintiff.  Yet, those facts are missing from the Amended Complaint.  Without those facts, along with facts showing that other employees were treated more favorably under similar circumstances, two of the four *McDonnell Douglas* factors are missing, and the Court cannot find that Plaintiff has stated a cause of action

**INITIAL REVIEW ORDER RE AMENDED COMPLAINT - 7**

against Dennis Dillon cognizable under Title VII.

Because it is not absolutely clear that the deficiencies in the Amended Complaint regarding the October 11, 2011 incident could not be cured by further amendment, the Court will grant Plaintiff one more opportunity to allege a cause of action against Dennis Dillon by filing a Second Amended Complaint supplying the missing details regarding the remaining two *McDonnell Douglas* factors.  The Second Amended Complaint should also, of course, include all of the relevant allegations regarding this incident that were set forth in the Amended Complaint.  In other words, the Second Amended Complaint should include all of the facts necessary to state the claim of discrimination.

### B. Count II – April 16, 2012 Incident

In Count II, Plaintiff alleges that Dennis Dillon's "management and supervisory personnel, acting within the scope of their employment knowingly made accusations and discussed the incident that occurred at Dennis Dillon to Tom Scott, employer's (sic) of Plaintiff, of Plaintiff's character, and honesty, and of his employment record." *Am. Comp.* ¶ 10.  He further alleges that because of these statements made in bad faith, for no legitimate business purpose, and with reckless disregard for the truth and actual malice, he was discharged from Tom Scott on April 16, 2012. *Am. Comp.* ¶¶ 10, 11.  Finally, he alleges that Dennis Dillon and Brad Dillon "ratified and condoned the false accusations and defamation by his management and supervisory employee and is liable for the payment of compensatory damages." *Am. Comp.* ¶ 13.

#### (1) Title VII Claim

INITIAL REVIEW ORDER RE AMENDED COMPLAINT - 8

Although Dennis Dillon was the employer of the individual making the statements, Dennis Dillon was not *Plaintiff's* employer at that time.  Because there was no longer an employer-employee relationship between Plaintiff and Dennis Dillon, Dennis Dillon cannot be liable under Title VII to Plaintiff.  Accordingly, to the extent that Count II is asserting a claim under Title VII against Dennis Dillon for the April 16, 2012 incident, it is dismissed with prejudice and without leave to amend.

### *(2)* **State Law Defamation Claim**

Plaintiff is perhaps attempting in Count II to assert a state law cause of action against Dennis Dillon, Brad Dillon, and Tim Byers for defamation.  It is unclear whether Plaintiff is alleging that only Tim Byers made the statements or is alleging that Brad Dillon also made similar allegedly defamatory statements to Tom Scott.  However, Plaintiff appears to be asserting a claim that Dennis Dillon is liable for the allegedly defamatory actions of Tim Byers and any other employee who may have made such comments to Tom Scott.

Under Idaho law, in a cause of action for defamation, a plaintiff "must show that the defendant: '(1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication.'" *Weitz v. Green*, 230 P.3d 743, 754 (Idaho 2010) (citing *Clark v. Spokesman-Review*, 163 P.3d 216, 219 (Idaho 2007)).  "A 'defamatory' statement is one 'tending to harm a person's reputation, [usually] by subjecting the person to public contempt, disgrace, or ridicule, or by adversely affecting the person's business." *Id*.

**INITIAL REVIEW ORDER RE AMENDED COMPLAINT - 9**

(quoting *Porter v. Bassett*, 195 P.3d 1212, 1218 (Idaho 2008)).

"Under the doctrine of respondeat superior, 'an employer is liable in tort for the tortious conduct of an employee committed within the scope of employment.'" *Nava v. Rivas-Del Toro*, 264 P.3d 960, 964 (Idaho 2011) (citation omitted). "Scope of employment 'refers to those acts which are so closely connected with what the servant is employed to do, and so fairly and reasonably incidental to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objectives of the employment.'" *Id.* (citations omitted). Actions of employees engaged in "for a purely personal purpose" do not fall within the scope of employment. *Finholt v. Cresto*, 155 P.3d 695, 698 (Idaho 2007). The key requirement for employer or respondeat superior liability is that the employee must have acted "to further the employer's business interests." *Nava*, 264 P.3d at 965.

### *(a)* **Claims Against Byers and Other Individuals**

Here, Plaintiff has alleged that Byers communicated information regarding the October 2011 incident to Tom Scott; that in doing so, Byers made accusations regarding his character, honesty, and employment record with reckless disregard for the truth which could be construed as defamatory; and that he lost his job with Tom Scott and suffered other damages including harm to his personal and business reputation. These allegations are merely conclusory and are no more than the "'naked assertion[s]' devoid of 'further factual enhancements'" that the Court cautioned in its Initial Review Order were not sufficient to comply with the pleading requirements of Rule 8(a). *See Ashcroft v. Iqbal*,

**INITIAL REVIEW ORDER RE AMENDED COMPLAINT - 10**

129 S.Ct. 1937, 1949 (2009) (noting that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (citing *Twombly*, 550 U.S. at 555).

Plaintiff does not identify what statements Byers allegedly made to Tom Scott. Presumably, Byers would have been making statements about Plaintiff and not repeating Luper's alleged derogatory remarks. Without knowing the content of the statements, to whom at Tom Scott he made them, when he made the statements, and the circumstances surrounding the communications, the Court cannot infer that the statements were defamatory. Accordingly, Count II is dismissed with respect to Tim Byers with leave to amend to provide the necessary details.

As stated above, it is unclear whether Plaintiff is alleging that other employees also made defamatory statements about him to Tom Scott. If he is, then Plaintiff must identify each individual who made allegedly defamatory statements and provide the same detail described above.

### *(b)* Claim Against Dennis Dillon

Plaintiff's allegations suffer from the same defects as the claims against Byers. It is not sufficient to merely allege that Byers was acting within the scope of his employment thus giving rise to Dennis Dillon's liability for his actions. In addition to alleging the content of the statements, Plaintiff must allege facts allowing the Court to infer that Byers was acting on Dennis Dillon's behalf and in the company's interest. For example, Plaintiff must allege facts such as whether Byers was directed by Dennis Dillon

**INITIAL REVIEW ORDER RE AMENDED COMPLAINT - 11**

supervisory or managerial personnel to communicate the allegedly defamatory statements, identify the person or persons who directed Byers to do so, and identify the business purpose that Byers was serving by making the statements.  Even if the statements made by Byers were defamatory, Dennis Dillon would only be liable for his conduct if they somehow furthered Dennis Dillon's business interests.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Amended Complaint (Dkt. 7) is **DISMISSED** in its entirety. It is dismissed against Defendants Brad Dillon, Gary Luper, and Tim Byers with prejudice and without leave to amend as to the Title VII claims.  It is dismissed against Dennis Dillon with respect to Count II as to the Title VII claim with prejudice and without leave to amend.

2. The Amended Complaint is dismissed against Dennis Dillon with respect to the Count I Title VII claim without prejudice and with leave to amend to cure the deficiencies referred to above.  It is dismissed against Dennis Dillon with respect to the defamation claim of Count II without prejudice and with leave to amend.

3. The Amended Complaint is dismissed against Tim Byers with respect to the Count II defamation claim without prejudice and with leave to amend.

3. If Plaintiff wishes to proceed with this action against Dennis Dillon on the Count I Title VII claim and/or the Count II defamation claim, and to

proceed against Tom Byers on the Count II defamation claim, he shall have thirty (30) days from the date of this Order within which to file a Second Amended Complaint.  Alternatively, Plaintiff may file a Notice of Voluntary Dismissal.  If Plaintiff does neither, his case may be dismissed without further notice.



DATED: June 12, 2013

Honorable Mikel H. Williams
United States Magistrate Judge